IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DAVID SCOTT WALCZAK,

                            Plaintiff,                                    OPINION AND ORDER

        v.
                                                                              19-cv-1020-wmc

KILOLO KIJAKAZI, Acting Commissioner
for Social Security,

                            Defendant.

        Pursuant to 42 U.S.C. § 405(g), plaintiff David Scott Walczak seeks judicial review of the Social Security Commissioner's final determination upholding a finding that he was not disabled.  This is now Walczak's second appeal, *Walczak v. Berryhill*, No. 17-cv-853-bbc (W.D. Wis. filed Nov. 9, 2017), after remand by this court to allow the administrative law judge ("ALJ") to "account properly for plaintiff's cognitive difficulties in the residual functional capacity assessment and hypothetical question to the vocational expert."  *Id.* (W.D. Wis. Oct. 10, 2019) (dkt. #21).  In this appeal, plaintiff maintains that ALJ Debra Meachum, who also issued the original decision denying him benefits, made the same error in her second decision.  More specifically, plaintiff contends that she propounded the same flawed hypothetical question to a vocational expert regarding his residual functional capacity.  For the reasons that follow, the court will once again, reluctantly reverses the Commissioner's denial of benefits and remands for further proceedings consistent with this opinion.

BACKGROUND[1]

**A.  Overview**

Plaintiff David Scott Walczak has at least a high school education, is able to communicate in English, and has past work experience as a robot operator, chipper, fiberglasser, and golf course worker, all of which required either medium or heavy exertion. Walczak did not engage in substantial gainful activity between September 26, 2012, his alleged onset disability date, and March 31, 2017, his date last insured.  He originally applied for social security disability benefits on January 21, 2013.

With a birth date of April 17, 1969, Walczak was between 43 and 48 years of age during the relevant period, defining him as a younger individual.  20 C.F.R. § 404.1563. Walczak claimed disability based on the following conditions:  back injury, neck injury, depression, "alloy in [right] arm & wrist hand," hernia operations, learning disabilities and head trauma, among other conditions.  (AR 95.)

**B.  ALJ Decision**

Upon remand, ALJ Meachum held a video hearing on June 11, 2019, at which Walczak appeared personally and through the same counsel who has represented him on both appeals to this court.  On September 3, 2019, the ALJ issued an opinion finding that Walczak had not been under a disability within the meaning of the Social Security Act from his alleged disability onset date through his date last insured.

---

[1] The following facts are drawn from the administrative record, which can be found at dkt. #14.

Because this appeal, like his first one, only concerns the ALJ's treatment of his limitations with respect to concentration, persistence and pace ("CPP"), the court summarizes only those portions of the ALJ's decision that are relevant to those limitations. First, the ALJ determined that in addition to degenerative disc disease, spine disorder, major joint dysfunction and a seizure disorder, plaintiff's affective and anxiety disorders constituted severe impairments.    (AR 756.)    Relying on a September 2013 neuropsychological examination, the ALJ further concluded that Walczak's alleged head trauma and learning disabilities were *not* severe impairments.  Finally, she concluded that while he suffers from substance abuse/alcohol abuse disorders, this impairment was currently in remission.  Plaintiff does not challenge any of these findings.

Next, the ALJ considered whether Walczak's impairments or combination of impairments met or medically equaled various of the specifically recognized Mental Impairment Listings, concluding that they did not.  (AR 758-760.)  Here, too, Walczak does not challenge the ALJ's conclusions, although her reasoning with respect to the paragraph B criteria is material to his challenge to the hypothetical questions posed to the vocational expert.  The ALJ also concluded that Walczak had moderate limitations with respect to all four areas of functioning.  With respect to CPP in particular, the ALJ explained

> The claimant alleges in his Function Report that he needs to write all of his appointments down to keep track of them.  His ability to pay attention depends on whether he is interested, he does not finish what he starts, he needs to re-read written instructions to understand them, and he finds demonstrations help him understand spoken instructions.  He states that stress makes him "shelter himself" more and it depresses him, plus he has a difficult time handling changes in routine.  (Ex 5E).

3

> Prior to the date last insured, a finding of moderate limitations in this domain is consistent with all relevant evidence, including assessments of State agency psychologists who, after reviewing the evidence in September 2013 and March 2014, both determined that the claimant had moderate limitations in this domain during the relevant period (Ex. 2A/6).

(AR 759.)

At step four, the ALJ further found that even with his impairments, Walczak had the residual functional capacity ("RFC") to perform light work, with some additional exertional restrictions. Material to his challenge here, the ALJ specifically included the following, nonexertional restrictions:

> He was limited to unskilled work involving simple, routine, and repetitive tasks; no fast-paced or production line or tandem tasks; no more than occasional changes in the workplace; and only occasional interactions with supervisors. The claimant was further limited to fifth grade reading, writing and math levels.

(AR 760.)

After setting forth the standard under SSR 16-3p, the ALJ also described plaintiff's testimony about the extent of her physical and mental limitations in support of the RFC formulation. With respect to his depression and anxiety, the ALJ recounted his testimony at the most recent hearing that "despite ongoing counseling, his depression is unchanged, resulting in irritability, lack of motivation, and social isolation." (AR 761.) In discounting the extent of his claim limitations, the ALJ further relied on treatment notes during the relevant period, concluding that "records from the claimant's treating providers do not support mental symptoms he alleges and do not reflect limitations greater than those set forth in the above residual functional capacity." (AR 764.) Specifically, the ALJ pointed

4

to treatment notes from his psychiatrist, Dr. Ikenna Obasi, M.D., who noted on January 4, 2016, that on his current medication, Walczak had no depression symptoms and his mood was significantly improved, especially as compared to records from 2014 noting a depressed mood.  The ALJ next described records from his counselor, Sheryl A. Hemp, noting mild depression symptoms during the relevant period, and an August 5, 2013, record from a neurologist, Dr. Shewmake, who "noted the claimant's memory and language were intact; he was fully oriented; and his general fund of knowledge, his attention, his concentration, and judgment were all intact."  (AR 765.)  In addition, the ALJ considered records post-dating his date last insured, noting no significant depression or anxiety and that his "subjective reports of symptoms exceed objective findings."  (*Id.*)  Finally, the ALJ weighed Walczak's failure to either seek treatment at times during the relevant period or follow the recommended course of treatment, particularly his not taking prescribed psychiatric medications.

With respect to others' impressions of Walczak's mental limitations, the ALJ reviewed the nonexertional restrictions in the RFC, finding them "based in part on the opinions of State agency psychologists Dr. (PhD) Esther Lefevre and Dr. (PhD) Eric Edelman, who reviewed the claimant's record" and prepared reports dated, September 27, 2013, and March 14, 2014, respectively.  (AR 796 (citing Ex. 2A/9-11, 4A/11-12).)  In assessing Walczak's limitations with respect to CPP specifically, both doctors found moderate limitations with respect to his ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances.  Dr. Lefevre also concluded that Walczak had moderate limitations with respect to the ability to carry

5

out detailed instructions.  Edelman further concluded that Walczak would have moderate limitations in his ability to complete a normal workday and workweek without interruptions, and perform at a consistent pace without an unreasonable number and length of rest periods.[2]  At the same time, the ALJ found that despite these limitations, both doctors concluded that Walczak "could perform a range of unskilled work."  (AR 770.)[3]  However, the ALJ only placed partial weight on these opinions because "the expanded record shows that the claimant has the additional mental limitations set forth above, beyond those assessed by the state agency consultants."  (*Id*.)

The ALJ also placed "partial weight" on the findings and opinions of Dr. Gregory Cowan, who performed a psychological consultative examination on August 28, 2013.  In particular, Cowan concluded that "claimant should be able to understand, remember and carry out simple instructions and be able to respond appropriately to supervisors and co-workers, but he would have mildly impaired concentration and attention"; Dr. Cowan found that Walczak "had fair ability to withstand routine work stresses and adapt to workplace changes."  (AR 770.)  The ALJ also relied on the findings of a neuropsychological examination with Dr. Barbara Rothweiler on September 3, 2013, relying specifically on her findings with respect to the ALJ limiting Walczak to fifth grade reading, writing and math skills.

---

[2] In her opinion, the ALJ mistakenly assigned these opinions to Lefevre rather than Edelman.  The court discusses the significance of this mistake in the opinion below.

[3] Here, too, the ALJ makes a mistake.  Only Dr. Lefevre opined that Walczak would "be capable of performing the basic mental demands of unskilled work" (AR 105), while Dr. Edelman's provided no useful narrative on Walczak's ability to perform a range of unskilled work.  (AR 210.)  Again, the court discusses the significance of this mistake in the opinion below.

The ALJ next reviewed this court's remand order from the 2016 appeal, stating that "the undersigned has addressed all issued raised in the remand order."  (AR 771.) Specifically, with respect to limiting Walczak to no "fast-paced production line or tandem tasks," the ALJ indicated that she had called the VE's attention to this limitation and the VE

> explained that paced work, such as assembly line work, involves receiving items from one person and passing then along, with the line pace dictated by workers in unison, or work being paced by a machine (loading or unloading materials), while tandem tasks require working in[] unison with another work, but neither paced work nor tandem tasks precludes end of day quotas.

(*Id.*)  Accordingly, the ALJ explained, "a limitation to unskilled work that does not require fast-paced production line or tandem tasks is consistent with moderate limitations in concentration, persistence or pace."  (AR 772.)

Based on this discussion and the assistance of the VE, therefore, the ALJ concluded that Walczak could not perform any of his past relevant work, but there were jobs in significant numbers in the national economy that Walczak could perform, including cleaner/housekeeper, cafeteria attendant and linen grader/sorter.  Accordingly, the ALJ concluded that Walczak was not under a disability, and this appeal followed.

OPINION

The standard by which federal courts review a final decision by the Commissioner of Social Security is now well-settled:  findings of fact are "conclusive," so long as they are supported by "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Moreover, provided the Commissioner's findings under § 405(g) are supported by this kind of "substantial evidence," this court cannot reconsider facts, re-weigh the evidence, decide questions of credibility, or otherwise substitute its own judgment for that of the ALJ. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Finally, where conflicting evidence allows reasonable minds to reach different conclusions about a claimant's disability, the responsibility for the decision falls on the Commissioner. *Edwards v. Sullivan*, 985 F.2d 334, 336 (7th Cir. 1993).

At the same time, courts must conduct a "critical review of the evidence," *id.*, ensuring that the ALJ has provided "a logical bridge" between findings of fact and conclusions of law. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018). Here, plaintiff raises one, overarching argument on appeal: whether the ALJ failed to describe Walczak's limitations properly as to CPP in crafting the hypotheticals for the vocational expert. Stated another way, plaintiff challenges whether the RFC takes into account his moderate limitations in CPP. The parties appear to agree that of the nonexertional restrictions, two of them address plaintiff's moderate limitations in CPP: (1) "limited to unskilled work involving simple, routine, and repetitive tasks"; and (2) no fast-paced or production line or tandem tasks." (AR 760.) Nevertheless, plaintiff challenges the ALJ's reasoning in adopting these two restrictions to address his moderate limitations in CPP.

*First*, plaintiff argues that limiting Walczak to unskilled work, consisting of simple, routine and repetitive tasks does not address his specific CPP limitations, including that "[h]is ability to pay attention depends on whether he is interested, and he does not finish

what he starts." (AR 759.)  Plaintiff also argues that this limitation does not address the moderate limitations in CPP found by the state agency psychological consultants Drs. Lefevre and Edelman, at least completely.

While the limitation to unskilled work, involving simple, routine and repetitive tasks may address his CPP issues with respect to following detailed instructions, Dr. Lefevre concluded that Walczak was also moderately limited with respect to his ability to perform activities within a schedule, to maintain regular attendance, and to be punctual within customary tolerances.  (AR 104.)  Despite this limitation, Dr. Lefevre concluded in her narrative that "these limitations are felt to be moderate at worse, thus finding the [claimant] to be capable of performing the basic mental demands of unskilled work."  (AR 105.)  As the Seventh Circuit and this court has previously explained in accounting for mental limitations, an ALJ is allowed to rely on a medical expert's *translation* of those limitations into work restrictions for purposes of crafting an RFC.  *See Weber v. Saul*, No. 19-CV-448-WMC, 2021 WL 99988, at *5 (W.D. Wis. Jan. 12, 2021) ("[A]n ALJ may reasonably rely upon the opinion of a medical expert who translates [CPP] findings into an RFC determination.") (quoting *Burmester v. Berryhill*, 920 F.3d 507, 511 (7th Cir. 2019)).

The problem is that in his review of Walczak's record on reconsideration, Dr. Edelman had *concluded* that Walczak's limitations in CPP were different in some respects than those found by Dr. Lefevre.  Specifically, in addition to his moderate limitations with respect to his ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, which *both* doctors found as noted above.

Dr. Edelman concluded that Walczak had moderate limitations with respect to his ability to complete a normal workday and workweek without interruptions and perform at a consistent pace without an unreasonable number and length of rest periods.  (AR 119.) Moreover, Dr. Edelman offered no useful narrative or translation of those limitations into work restrictions.  Critically, contrary to the ALJ's description, Edelman did *not* opine that despite these limitations, Walczak would be able to complete unskilled work.  (*Compare* AR 770 ("Drs. Lefevre and Edelman concluded that the claimant, despite these limitations, could perform a range of unskilled work.") *with* AR 120 (narrative consisting of "mood mildly to mod depress w/fair range of affect"; "9/13 neuropsych eval – failed on multiple effort measures yielding results of questionable validity")).)

This leaves the court with various CPP limitations, largely concerning pace, which the ALJ claims her RFC addresses *without explanation* or a *narrative* from a medical expert translating those limitations into work restrictions.  As such, the court agrees with plaintiff that the ALJ again failed to build a logical bridge between the record showing moderate limitations in CPP and her RFC restricting him to unskilled work involving simple, routine, and repetitive tasks, which in turn again calls into question the hypotheticals posed to the VE.  *See Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019) ("When it comes to the RFC finding, we have likewise underscored that the ALJ generally may not rely merely on catch-all terms like "simple, repetitive tasks" because there is no basis to conclude that they account for problems of concentration, persistence or pace.  More to it, observing that a person can perform simple and repetitive tasks says nothing about whether the individual

can do so on a sustained basis, including, for example, over the course of a standard eight-hour work shift.") (internal citations and quotation marks omitted).

*Second*, plaintiff challenges the lack of support for restricting Walczak to no fast-paced or production line or tandem tasks.  Even in exploring the definition of these two restrictions with the VE, the ALJ still failed to provide any explanation, let alone a logical bridge linking the record before her and the restriction that she adopted.  From her written decision, it appears that she may be relying on the opinions of the state agency psychologists (AR 769), but neither Dr. Lefevre nor Dr. Edelman concluded that a general restriction as to fast-paced, production line or tandem tasks would address his CPP limitations, nor does the ALJ point to any of the other consulting or treating psychologists for such support.  Perhaps the ALJ adopted this restriction to address the pace concerns noted by Dr. Edelman, but there is no way to know if this is so.

Still, plaintiff offers *no* reasoning as to why such an error would be harmful. In other words, plaintiff fails to articulate why the adoption of this restriction fails to address his CPP limitations, and specifically, the noted issues with pace.  *See Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019) (finding any error harmless because "[i]t is unclear what kinds of work restrictions might address Jozefyk's limitations in concentration, persistence, or pace because he hypothesizes none").  Because the ALJ failed to acknowledge Dr. Edelman's findings about pace *and* erred in her description of his conclusion that plaintiff could perform unskilled work despite these limitations, the court is left with no choice but to remand and direct the ALJ to address -- or better still, explain -- why a restriction to no

fast-paced or production line or tandem tasks would address his limitation with respect to the pace at which *Walczak* could work.[4]

ORDER

IT IS ORDERED that

1) the decision of defendant Kilolo Kijakazi, Acting Commissioner of Social Security, denying plaintiff David Scott Walczak's application for social security disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

2) The clerk of court is directed to enter judgment in plaintiff's favor and close this case.

Entered this 11th day of July, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[4] At this stage, the Appeals Council may also wish to consider upon remand whether to reassign this case to a new ALJ.